UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN E. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 17-CV-3026 |
| ) | |
| WEXFORD HEALTH SOURCES, ) | |
| INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Taylorville Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

During Plaintiff's incarceration in Jacksonville Correctional Center from January 2014 to April 2016, Plaintiff repeatedly sought medical care for rectal bleeding and bloody stools which were causing him nausea, dizziness, extreme fatigue, confusion, fever, extreme discomfort, pain, and emotional distress.  (Compl. p. 4.) The prison doctors diagnosed Plaintiff with hemorrhoids and prescribed suppositories and hemorrhoid lotion.  The hemorrhoid diagnosis was confirmed in May 2014 when Plaintiff had an upper and lower endoscopy.  However, Plaintiff continued to suffer from rectal bleeding and the other symptoms throughout his entire time in Jacksonville Correctional Center.

In April 2016, Plaintiff was transferred from Jacksonville to Taylorville Correctional Center. The next month, a class instructor asked Plaintiff if he was okay because Plaintiff looked as "white as a sheet."  Plaintiff replied, "No, I feel like I am going to pass out."  He was sent to the health care unit where the nurses diagnosed

Plaintiff with dangerously low blood counts (a hemoglobin of 5.5 with a normal count being 14-15). Plaintiff was transferred to the hospital where he received three blood transfusions and emergency surgery. Plaintiff contends that Wexford Health Sources, Inc., the medical staff at Jacksonville Correctional Center, and the Warden and Assistant Warden at Jacksonville Correctional Center were deliberately indifferent and negligent to Plaintiff's medical condition.

These allegations state a plausible Eighth Amendment claim against the medical staff at Jacksonville for deliberate indifference to Plaintiff's serious medical needs. Plaintiff also sues Wexford Health Sources, Inc., alleging an unconstitutional policy, which is a stretch on the current allegations. Plaintiff does not explain what corporate policy or practice caused the lack of medical care. However, dismissal of Wexford would be premature.

No plausible inference of deliberate indifference arises against the wardens from these allegations. Wardens, like other prison officials without medical training, are generally entitled to rely on the professional expertise of the prison medical staff. <u>Greeno v. Daley</u>, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts… a nonmedical prison official will generally

be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Plaintiff's allegations do not suggest that the wardens knew about Plaintiff's medical problems or might have known that the medical attention Plaintiff was receiving was obviously deficient. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)( nonmedical defendants may be liable if "'they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'")(quoted cite omitted). Plaintiff does not allege that he informed any of the wardens of the problem while Plaintiff was at Jacksonville, and the one grievance attached to the complaint was not filed until August 2016, after Plaintiff had been transferred to Taylorville Correctional Center.

As for Plaintiff's malpractice claim, he must attach the affidavit and report required by 735 ILCS 5/2-622(a)(affidavit of qualified professional stating that the case has merit must be attached to a complaint alleging malpractice). The malpractice claim will be dismissed without prejudice to filing those documents.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Wexford Health Sources, Inc., Becky (last name unknown)(Jacksonville Health Care Administrator), Eli Goodman, Thomas Baker, Nurse M.W. Sweetin, Nurse K. Boone, Nurse Hallock, and Nurse Pitchford.  This case proceeds solely on the claims identified in this paragraph at this point.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Warden Gerski and the unidentified Assistant Warden of programs are dismissed, without prejudice.

3) Plaintiff's malpractice claim is dismissed, without prejudice to refiling with the affidavit and report required by 735 ILCS 5/2-622(a).

4) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an

answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13) **Plaintiff's motion for the Court to appoint pro bono counsel is denied (d/e 3), with leave to renew on a more developed record.** The Court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). The most the Court can do is ask for volunteer counsel. In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt, 503 F.3d at 654-55 (7th Cir. 2007). On this record, Plaintiff appears competent to proceed pro se. His pleadings adequately convey the factual basis for his claims, and he should have personal knowledge of many of the relevant facts underlying his claims. Plaintiff may renew his motion on a more developed factual record, setting forth his educational level, any jobs he has had inside or outside of prison, any classes he has taken in prison, and his litigation experience in state and federal court. Plaintiff should also attach a copy of his medical records if he is able to obtain them.

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: March 20, 2017

FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE